UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ALYCE PIEROTTI,<br><br>    Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | Case No. 16-cv-02936-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 38 |

    Pending before the Court is Plaintiff's motion for leave to file a first amended complaint, Dkt. No. 38, which Defendant opposes, Dkt. No. 39. The motion seeks to "further particularize[] the Title VII and [California Fair Employment and Housing Act ("FEHA")] causes of action" alleged in the initial complaint, "and splits them each into two—two causes of action for sex discrimination and sexual harassment under Title VII and two causes of action for sex discrimination and sexual harassment under the FEHA." Dkt. No. 38 at 1. Defendant opposes the motion, contending that amendment would be futile, because Plaintiff "failed to exhaust her administrative remedies as to a FEHA or Title VII claim for harassment," and "[e]ven if she had, her claims are barred by the statute of limitations." Dkt. No. 39 at 1.

    Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to determining proper amendment are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party*

*v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Having carefully considered the parties' arguments, the Court finds that Defendant has failed to demonstrate prejudice or make a strong showing as to any of the other *Foman* factors, and the presumption in favor of granting leave to amend applies. While Defendant argues that amendment would be futile because Plaintiff's claims are time-barred and barred for failure to exhaust, the record on these points is not so indisputable at this stage as to warrant denial of leave to amend under the applicable liberal standard. The Court thus **GRANTS** Plaintiff's motion.[1] The first amended complaint must be filed by September 11, 2017.

The Court also **SETS** a case management conference for September 26, 2017 at 2:00 p.m. A joint case management conference statement is due by September 19, 2017.

**IT IS SO ORDERED.**

Dated: 8/22/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).