Yosef Peretz (SBN 209288)
yperetz@peretzlaw.com
David Garibaldi (SBN 313641)
dgaribaldi@peretzlaw.com
PERETZ & ASSOCIATES
22 Battery Street, Suite 200
San Francisco, CA 94111
Tel: 415.732.3777
Fax: 415.732.3791

Attorneys for Plaintiff DIANE PIEROTTI

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE PIEROTTI<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOES 1-10,<br><br>Defendants. | Case No. 4:16-cv-02936-HSG<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE HEARING AND EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rule 6-3, Plaintiff DIANE PIEROTTI ("Plaintiff") hereby moves the Court for an order extending the time to file Plaintiff's response to Defendant's Motion for Partial Summary Judgment (the "Motion") filed on December 28, 2017, and presently set for hearing on March 22, 2018. [Docket No. 59.] Plaintiff is currently required to file her Opposition to the Motion by no later than January 11, 2018, and Defendant is required to file their Reply to the Motion by no later than January 18, 2018.

Currently, the close of fact discovery deadline in this matter is March 9, 2018 and the last day to hear a dispositive motion is June 7, 2018. [Docket No. 53.] However, the Parties have recently stipulated to continuing the trial date in this matter in order to conduct additional discovery, and filed said stipulation with the Court on December 29, 2017, the day after Defendant filed its Motion. [Docket No. 62.] As per that stipulation, the Parties have agreed to extend the close of fact discovery deadline to July 20, 2018, and the last day to hear a dispositive motion to October 18, 2018. [Docket No. 62.] Accordingly, the granting of Plaintiff's instant

administrative motion to continue the Motion hearing and extend Plaintiff's time to file an Opposition will have no impact on either the current or the agreed-upon pre-trial schedule in this matter.

Plaintiff respectfully requests that the Motion hearing be continued to April 19, 2018; that Plaintiff not be required to file her Opposition until March 19, 2018; and for Defendants to thus not have to file their Reply until March 26, 2018. This schedule would allow the Court ample time to review the filings while enabling the Parties to conduct much-needed discovery ahead of the Motion.

Defendant's Motion requests that the Court issue an Order for partial summary judgment in Defendant's favor on (1) Plaintiff's Third Claim for Relief for Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) Plaintiff's Fourth Claim for Relief for Sexual Harassment in Violation of the Fair Employment and Housing Act ("FEHA"); and (3) Plaintiff's Fifth Claim for Relief for Retaliation in Violation of Labor Code § 1102.5.

Defendant contends that Plaintiff failed to exhaust administrative remedies with respect to the third and fourth claims and that they are all time barred by the applicable statutes of limitations. [Defendant's Motion at p. 1.] Specifically, Defendant argues that Plaintiff did not put Defendant on notice of her sexual harassment or retaliation claims when filing her initial claims against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), and that the EEOC therefore never investigated those claims. [Defendant's Motion at pp. 2-3.] Defendant further claims it was not aware of Plaintiff's retaliation claims until she filed her Complaint, and that it was not aware of Plaintiff's sexual harassment claims until she filed her First Amended Complaint, both of which were allegedly filed untimely, after the applicable statute of limitations had run. [Defendant's Motion at pp. 4-5.] Accordingly, Defendant argues that it was not properly on notice of Plaintiff's claims and that they should therefore be dismissed. [Defendant's Motion at pp. 13-15.]

Plaintiff contends that she did not fail to exhaust her administrative remedies and that her claims are not time barred. However, Plaintiff has not been able to conduct sufficient discovery thus far into the issues of whether Defendant was properly on notice of Plaintiff's claims upon the filing of the EEOC action, during the EEOC investigation, or at any other time within the applicable statute of limitations. Specifically, Plaintiff has been unable to conduct depositions of Defendants' witnesses that she believes had notice of her claims within the above time periods,

nor has Plaintiff received any documents responsive to her document requests as of the time of writing. Defendant chose not to file a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss on the above issues. Instead, Defendant filed its Motion under FRCP 56 for Partial Summary Judgment which requires a factual presentation of the evidence on the defenses brought forth by Defendant. Further, Defendants have brought their Motion 6 months ahead of the current deadline to hear a dispositive motion and 10 months ahead of the agreed-upon extended deadline to hear a dispositive motion. Defendant did so despite stipulating with Plaintiff to continue the trial date and all pretrial deadlines so the parties would be able to conduct necessary discovery. Because of this, there is simply no pressing need to have the Motion heard 7 months ahead of the stipulated dispositive motion deadline and force Plaintiff to file an opposition 9 months ahead of that deadline and prior to conducting any of the necessary discovery relevant to the issues raised in the Motion.

Plaintiff is currently waiting on documents to be produced by Defendant responsive to Plaintiff's document requests that were served over 2 months ago, on October 23, 2017; which are supposedly on their way by mail. At the same time, Plaintiff has produced responsive documents electronically and timely. Plaintiff has also contacted Defendant to ask to set dates for depositions of 3 to 4 key witnesses within the next month that will have knowledge pertaining to the Motion, and asked Defendant to agree to an alternative briefing schedule for the Motion that is in line with the above-requested dates, enabling the parties to first conduct depositions and then file the Opposition and Reply. Defendant has indicated it would be willing to set deposition dates, but has been unable to obtain available dates from their witnesses to date. Defendant has also provided no indication they would be willing to mutually agree to an extended briefing schedule. Accordingly, Plaintiff seeks the instant relief.

Finally, Plaintiff has been unable to properly prepare to oppose the Motion due to having an arbitration on December 18 through 22, 2018 and January 4 and 5, 2018; a separate court trial on January 8 and 9, 2018, and having to prepare for both proceedings through the holiday period. Plaintiff would be greatly prejudiced in having to oppose this motion by January 11, 2018 having not had sufficient time to prepare an opposition due to these prior scheduling conflicts.

For the foregoing reasons, Plaintiff requests that the Court continue the hearing on Defendant's Motion to from March 22, 2018 to April 19, 2018, extend Plaintiff's time to file an Opposition to Defendant's Motion from January 11, 2018 to March 19, 2018, and to extend

Defendant's time to file a Reply from January 18, 2018 to March 26, 2018. These extensions will not otherwise impact the schedule of pretrial matters in these proceedings as per the parties' recently filed stipulation to continue the trial date. [Docket No. 62.]

Dated: January 10, 2018    PERETZ & ASSOCIATES

By: _____
Yosef Peretz
David Garibaldi
Attorneys for PLAINTIFF
DIANE PIEROTTI

Dated:   1/11/2018

**DENIED**
*Haywood S. Gilliam Jr.*
Judge Haywood S. Gilliam Jr.
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA