DANIELLE OCHS, CA Bar No. 178677
danielle.ochs@ogletree.com
ANNA L. PADGETT, CA Bar No. 307146
anna.padgett@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA


YOSEF PERETZ, CA Bar No. 209288
yperetz@peretzlaw.com
DAVID GARIBALDI, CA Bar No. 313641
dgaribaldi@peretzlaw.com
PERETZ & ASSOCIATES
22 Battery Street, Suite 200
San Francisco, CA 94111
Telephone: 415.732.3777
Facsimile: 415.732.3791

Attorneys for Plaintiff
DIANE PIEROTTI

**EXEMPT FROM FEES, GOV. CODE § 6103**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE PIEROTTI,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1-10,<br><br>  Defendants. | Case No. 4:16-cv-02936-HSG<br><br>**[MODIFIED] STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>**First Amended Complaint Filed**: August 29, 2017<br>**Complaint Filed**: June 1, 2016<br>**Trial Date**: September 24, 2018 |

IT IS HEREBY ORDERED that, between Plaintiff DIANE PIEROTTI ("Plaintiff") and Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant"), the provisions of this Protective Order Regarding Confidential Information (the "Protective Order") shall govern disclosure and use by the undersigned parties of all documents, testimony, and other information designated "Confidential" which is produced and given by any person or company in the course of discovery procedures in this action as follows:

Plaintiff has requested that Defendant produce investigation reports, complaints, notes, and other related documents concerning the factual and legal issues raised in Plaintiff's Complaint. Many of these records contain confidential information and/or documents, the disclosure of which would constitute an invasion of the constitutionally and statutorily protected rights to privacy and confidentiality of third parties and/or parties to this action. However, in an effort to properly evaluate this case and to prevent any potential improper disclosure of otherwise confidential information, the parties wish to stipulate to a Protective Order in connection with production and use of the documents requested by each party.

1. When used in this Protective Order, the word "documents" shall have the full meaning ascribed to the term "writing" as set forth in California Evidence Code section 250 and shall include, without limitation, all originals written, recorded or graphic matters and all copies thereof.

2. All Confidential Discovery Materials (as defined below in paragraph (4) produced through discovery procedures in this action shall be used solely for the prosecution and/or defense in this action. Any person in possession of Confidential Discovery Materials shall maintain it in a reasonably secure manner so as to avoid disclosure of its contents.

3. Any document or portions thereof, testimony or other information produced in this action through discovery procedures by a party (collectively "Discovery Materials") may be designated "Confidential" by the producing party who has maintained them in a confidential manner and believes in good faith that there is cause for confidential treatment of the Discovery Materials pursuant to the applicable provisions of the Code of Civil Procedure or other applicable law.

4.  Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." Materials exchanged by the parties informally may be brought within the terms of this Protective Order by written notification to counsel at the time of any such exchange.

5.  Information designated as "Confidential" in this matter may include any document (including any writings, as defined by Federal Rule of Civil Procedure 26(c)) produced by any party in response to any discovery request, any interrogatory answers, any response to a request to admit, any deposition transcripts, any document production, and all copies, excerpts, or summaries thereof.

6.  The "Confidential" designation provided for in paragraph 3 of this Protective Order may be made at or prior to the time of production of documents by stamping the word "Confidential" on each page of the matter disclosed, or, in the case of depositions, as provided in paragraph 8 below. Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied thereafter by written notice of supplemental production of the Discovery Materials with the "Confidential" designation. Upon the service of such notice and supplemental production, the Confidential Discovery Material shall be subject to this protective order as if materials had been initially designated as "Confidential".

7.  A party may also, in good faith under applicable law, designate as "Confidential," as that term is defined in paragraph 3 above, that portion of any deposition testimony deemed to contain Confidential Discovery Material by advising the court reporter and counsel of record at the beginning and ending of the testimony containing the confidential information, either orally at the deposition or in writing no later than the earlier of 20 days after the date on which the transcript is received from the court reporter or 10 days before the date on which the transcript is to be filed with the Clerk of the Court. Until the above specified period expires, counsel for the parties shall treat the entire transcript as Confidential Discovery Material, but the parties may meet and confer to the extent any such testimony is needed for use prior to the expiration of the above specified period. The reporter shall mark the face of the transcript to designate the beginning and ending of the Confidential portions and, at the request of the designating party, shall prepare a separate

1  original transcript containing the Confidential material.  Copies of the transcript for counsels' use
2  may contain both the confidential testimony and other testimony in a single volume.
3       8.    The disclosing party shall have the right to exclude from attendance at said
4  deposition during such time as information designated "Confidential" is to be disclosed any person
5  other than the deponent, counsel, the court reporter, and a person permitted access pursuant to
6  paragraph 9 below who has signed a Certificate of Compliance, attached as Exhibit "A."
7       9.    No Discovery Materials designated as "Confidential" shall be disclosed directly or
8  indirectly, to any person other than:

    A.    the Court, necessary court personnel and jurors;

    B.    the plaintiff and defendants;

    C.    the partners, associates and employees of the attorneys' law firms who are working on the litigation;

    D.    in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

    E.    court reporters transcribing depositions or testimony in the litigation;

    F.    any person who lawfully saw documents or information either before or after its designation as "Confidential";

    G.    any expert retained or consulted by any party in connection with the litigation, provided such persons sign an acknowledgement substantially similar to Exhibit "A";

    H.    non-party deponents at their depositions, but only to the extent reasonably necessary to give their testimony.

    I.    copy service;

    J.    any person whom a party intends, in good faith, to call as a witness in any hearing or at trial in the litigation, and that person's attorneys, if other than those described in subsections (c) or (d) above, but only to the extent reasonably necessary to give testimony, provided such persons shall not be

entitled to keep copies of Confidential Discovery Materials unless they sign an acknowledgement substantially similar to Exhibit "A".

10. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 9(a)-(j) above shall be advised of the existence of this Protective Order. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraph 9(g) and 9(j) above shall be required to sign an acknowledgement substantially similar to Exhibit "A" and need not produce them except upon order of the Court for good cause shown or by agreement.

11. In the event that a party submits to the Court any Confidential Discovery Materials or information derived therefrom or any papers quoting such information, the party seeking to file such information must obtain the consent of the party that produced the Confidential Discovery Materials or file a joint letter pursuant to Magistrate Judge James' Discovery Standing Order to have the court seal such documents. In the event that a party chooses to file a joint letter to have such documents sealed, the party that produced the Confidential Discovery Materials will join in the letter to have the records filed under seal. <u>Joint letters shall comply with Local Rule 79-5.</u>

12. If at any time any Confidential Discovery Materials governed by this Protective Order are subpoenaed by any court, administrative or legislative body, or by any other persons or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall promptly give written notice thereof, and include a copy of the subpoena or request (unless providing disclosure of subpoena or request is prohibited by law or Court order) to any person who has designated such information as "Confidential". After receipt of the notice specified under this paragraph, the person seeking to maintain the "Confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Confidential Discovery Materials. Upon the filing of any such motion to maintain the confidentiality of the materials sought (notice of which shall be given to the person to whom the subpoena is directed), the person to whom the subpoena is directed shall respond timely to the subpoena, but will not allow access to Confidential Discovery Materials until such time as

4  Case No. 4:16-cv-02936- HSG
STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

the Court has ruled on the motion filed by the person or entity seeking to preserve the confidentiality of the Discovery Materials, unless otherwise required by law to make an earlier production notwithstanding such motion. If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for the discovery sought by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) or give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto on the date designated on the subpoena.

13. Nothing herein shall impose any restriction on the issue of disclosure by a party of documents or information obtained by such party independently of discovery proceedings herein.

14. Stipulation to and/or entry of this Protective Order shall be without prejudice to any motion for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange or use of any document, testimony or other information produced, given or exchanged in the course of pretrial discovery in this action. If a party disagrees with another party's "Confidential" designation, the challenging party must nevertheless abide by the same until the matter is resolved by agreement or by the Court. There is no time limit for disputing any "Confidential". If at any time a dispute with regard to particular Discovery Materials arises, the parties shall meet and confer to resolve that issue within 10 court days of a written request to do so by the party challenging such "Confidential" designation. If the parties cannot reach an agreement, the designating party must move within 20 days of the conclusion of the meet and confer for a ruling from the Court on the continued application of confidential treatment of such Discovery Materials. The burden shall be on the designating party to establish the confidential nature of the Discovery Materials. The parties may agree, in writing, to different times to perform the items in this paragraph or such time may be modified on application to the Court upon a showing of cause. This paragraph does not prevent a party contesting confidentiality from filing a motion at any time permitted by applicable rules or statutes.

15. Within 90 days of a written request by a party made after the final and non-appealable termination of this action, Confidential Discovery Materials and all copies thereof shall

either: (1) be returned to counsel for the requesting party or (2) shall be destroyed. If the destruction option is elected, a certificate attesting to such must be delivered to counsel for the requesting party within 30 days following such destruction. All provisions of this Protective Order restricting the communications or use of Confidentiality Discovery Materials shall continue to be binding after the conclusion of this action. This paragraph shall not be interpreted to require the return, disclosure or destruction of materials protected by the attorney-client privilege or work product doctrine. In addition, counsel for each party may retain one complete set of deposition transcripts and court filings in this action. However, "Confidential" designated testimony and/or exhibits attached to deposition transcripts and court filings shall be destroyed within the same time frame as set forth above. Counsel for each party may also meet and confer over the retention of any discovery responses and documents produced in the action that were designated as "confidential" by either party, in the event that either party desires to retain such responses or documents.

16. Any third party witness who testifies or produces documents may obtain the protections of this Protective Order by placing the "Confidential" designation on each page of any documents or other information provided to any of the parties as to which confidential treatment is sought.

17. This Protective Order will govern at trial except as amended or revised by the Court.

18. This Protective Order may be modified, amended or vacated by further order of the Court upon the noticed motion of any party.

19. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

20. The parties have the responsibility, through counsel, to advise each other of any losses or compromises of the confidentiality of information or documents governed by this Protective Order. Each designating party has the responsibility of notifying any other party if any materials designated "Confidential" are subsequently no longer maintained in a confidential manner or they are disclosed or used in a manner which no longer preserves their confidentiality,

6  Case No. 4:16-cv-02936- HSG
STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

or if the designating party no longer considers the materials to be confidential. Nothing herein shall be construed to limit in any way the parties' use or disclosure of their own documents, materials, or information designated as "Confidential".

21. In the event that additional persons become parties to this action, they shall not have access to Confidential Discovery Materials until the newly joined party or their counsel confirms in writing to the parties that they have read this Protective Order and agree to be bound by its terms.

22. The consent of the undersigned attorneys to this Stipulation and Protective Order shall be deemed binding upon such attorneys' professional, stenographic, paralegal, clerical, or other employees as well as upon such attorneys' clients of record herein.

23. This Order may be executed in counterparts and a facsimile or PDF signature shall be considered as valid as an original signature.

**IT IS SO STIPULATED:**

DATED: February 26, 2018                    PERETZ & ASSOCIATES

By: /s/ *Yosef Peretz*
    Yosef Peretz
    David Garibaldi
    Attorneys for Plaintiff
    DIANE PIEROTTI

DATED:  February 26, 2018                   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Anna L. Padgett*
    Danielle Ochs
    Anna L. Padgett
    Attorneys for Defendant
    THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: February 26, 2018

By: /s/ *Anna L. Padgett*
Anna L. Padgett

**APPROVED AND SO ORDERED.**

DATED: February 28, 2018

Hon. Maria-Elena James
U.S. Magistrate Judge

# EXHIBIT A

## AGREEMENT OF WITNESS, EXPERT, OR CONSULTANT

## TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ (print or type name), a witness, expert, or consultant of _____ (print or type name of party or law firm), in connection with United States District Court, Northern District of California Case Number 4:16-cv-02936-HSG, hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, which is attached hereto as Exhibit 1, and has read and agrees to be bound by all of the provisions.

DATED: _____     _____
                          SIGNATURE

32848837.1

9    Case No. 4:16-cv-02936- HSG
STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER