UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE ALYCE PIEROTTI,<br><br>   Plaintiff,<br><br>   v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>   Defendant. | Case No.16-cv-02936-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING** |

As relevant to this case, before bringing a claim under Title VII, a plaintiff must file an administrative charge with the Equal Opportunity Commission ("EEOC") within 180 days "after the alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1). And, before bringing a lawsuit under the Fair Employment and Housing Act ("FEHA"), a plaintiff "must file a charge . . . with the DFEH [Department of Fair Employment & Housing] within one year of the alleged unlawful conduct." *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 905 (N.D. Cal. 2013) (citing Cal. Gov't Code § 12960(d)) (emphasis omitted).

Here, Plaintiff Diane Pierotti asserts in her charge that the latest date discrimination took place was May 8, 2012. But she dual-filed the charge with the EEOC and DFEH on July 29, 2013, plainly missing the statutory deadlines to file the administrative complaint (*i.e.*, 180 days for the EEOC and one year for the DFEH) by a wide margin. In their summary judgment briefing, neither party squarely or consistently addresses the fact that Plaintiff untimely filed her charge, which may have jurisdictional ramifications. At oral argument, the parties initially stated that they view Plaintiff's submission of the intake questionnaire on December 21, 2012 as the date on which she filed her charge. Even assuming that is legally permissible, December 21, 2012 is still more than 180 days after the latest date of discrimination, which would render her EEOC charge

untimely.

Accordingly, the parties are **DIRECTED** to submit simultaneous supplemental briefs, not to exceed seven pages, addressing whether Plaintiff's charge was timely filed with the EEOC and DFEH. If the parties contend that the charge was timely, or should be deemed timely, they should provide authority for that claim. If the parties maintain that the charge was untimely, they should address whether that precludes the exercise of this Court's subject matter jurisdiction. No responsive briefs will be permitted. The briefs must be submitted by March 29, 2018.

**IT IS SO ORDERED.**

Dated: 3/22/18

HAYWOOD S. GILLIAM, JR.
United States District Judge