1
2
3
4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DIANE PIEROTTI,                          Case No. 16-cv-02936-HSG (MEJ)

                    Plaintiff,
8                                             **DISCOVERY ORDER**

9            v.                               Re: Dkt. No. 98, 99, and 100

10   THE REGENTS OF THE UNIVERSITY OF
     CALIFORNIA, and DOES 1-10,

11                  Defendant.

12

13           Pending before the Court is Plaintiff Diane Pierotti's Letter (Dkt. No. 98), Defendant The

14   Regents of The University of California's Letter (Dkt. No. 99), and Plaintiff's Reply Letter (Dkt.

15   No. 100). All three letters pertain to Plaintiff's request for a telephonic conference for the purpose

16   of compelling depositions. Having considered the parties' positions, relevant legal authority, and

17   the record in this case, the Court issues the following order.

18           First, both parties' complete disregard for the undersigned's Standing Order Re: Discovery

19   is noted. The Standing Order requires parties to meet and confer in person before bringing a

20   discovery dispute to the Court's attention. *See* Standing Order ¶ 2. "If the parties are unable to

21   meet and confer as directed above, . . . the moving party shall file a written request for a

22   telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for

23   the Court to fashion an alternative procedure." *Id.* ¶ 3. The parties did not meet and confer in

24   person before filing their separate letters, file a written request for a telephonic conference to

25   enforce the Court's meet and confer requirement, or otherwise seek to be excused from the in-

26   person meet and confer requirement. "The Court will not excuse a party from the requisite in-

27   person meeting unless good cause is shown." Standing Order ¶ 3. The parties have not even made

28   an effort to show good cause exists. Instead, Plaintiff attempts to skip this procedure by

1    requesting a telephonic conference on the dispute itself.

2           Second, this Court has no authority to change the discovery cut-off requested by Plaintiff.

3    That authority is held by Judge Haywood S. Gilliam, Jr.

4           Finally, since both parties earlier stipulated to the seven depositions to be taken by Plaintiff

5    after Plaintiff was deposed, Defendant's objection that one of the named deponents is now

6    irrelevant is late, and therefore, waived.  The undersigned hereby orders the parties to schedule the

7    remaining seven depositions so that they occur by **August 6, 2018**.  The signatories of the letters

8    and—if different—lead trial counsel for the parties are ordered to meet and confer in-person in the

9    undersigned's jury room on **July 26, 2018, at 9:00 am**, to schedule the depositions.  If the parties

10   resolve their dispute before the conference, they shall promptly inform the Court and the Court

11   shall vacate the conference.

12          **IT IS SO ORDERED.**

13

14   Dated: **July 23, 2018**

15   _____

16   MARIA-ELENA JAMES
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28